UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA OVERDORF,

      Plaintiff,

v.

FAMILYMEDS INC., WALGREENS, INC.,
HARRY GODLEWSKI, and
ALETHA FREI

      Defendants.

Case: 2:08-cv-10564
Judge: Tarnow, Arthur J
Referral MJ: Whalen, R. Steven
Filed: 02-07-2008 At 03:11 PM
CMP OVERDORF V FAMILYMEDS INC (RRH)

CHRISTOPHER TRAINOR & ASSOCIATES
**CHRISTOPHER J. TRAINOR (P42449)**
**THOMAS W. STEPHENS (P39503)**
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION
ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED
IN THE COMPLAINT.

## COMPLAINT AND JURY DEMAND

Plaintiff, Amanda Overdorf, by and through her attorneys, CHRISTOPHER TRAINOR AND ASSOCIATES, for her Complaint and Jury Demand, states the following:

## GENERAL FACTS AND ALLEGATIONS

1. Plaintiff, a resident of the Township of Shelby, in the Eastern Division in the State of Michigan, and at all relevant times Plaintiff AMANDA OVERDORF (hereinafter "Plaintiff") was an employee of Defendants, with employment responsibilities to both Defendant FAMILYMEDS INC. and Defendant WALGREENS, INC.

2. Plaintiff is a Certified Pharmacy Technician.

3. Defendant FAMILYMEDS, INCORPORATED is a wholly owned subsidiary of Familymeds Group, Inc., with corporate offices in Farmington, CT, and conducting business in the Eastern District of Michigan.

4. Defendant WALGREENS, INCORPORATED is a corporation, with its corporate offices in Deerfield, IL, and conducting business in the Eastern District of Michigan.

5. Defendant HARRY GODLEWSKI, an individual Defendant, was a Pharmacist with Defendant FAMILYMEDS, conducting business in the Eastern Division of the State of Michigan, and at all relevant times was Plaintiff's supervisor with power and control over the terms and conditions of Plaintiff's employment.

6. Defendant ALETHA FREI, an individual Defendant, was a Pharmacy Manager with Defendant WALGREENS, conducting business in the Eastern District of Michigan, and at relevant times was Plaintiff's supervisor with power and control over the terms and conditions of Plaintiff's employment.

7. The actions that give rise to this cause of action occurred in the City of Sterling Heights in the Eastern Division of the State of Michigan.

8. The amount in controversy, exclusive of interest and attorney fees, exceeds Seventy-Five Thousand (**$75,000.00**) Dollars.

### FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant FAMILYMEDS, Harper location, in June of 2006.

10. In September of 2006, Defendant GODLEWSKI began working at the pharmacy location with Plaintiff, and he made her very uncomfortable by harassing and belittling her in front of customers and co-workers.

11. Plaintiff requested to be transferred to the Sterling Heights location in order to avoid working with Defendant GODLEWSKI.

12. Defendant GODLEWSKI began filling in at the Sterling Heights location and again began to berate Plaintiff, harass her, and make her uncomfortable.

13. Plaintiff requested, both verbally and in writing, that her work schedule be changed to avoid working the same time as Defendant GODLEWSKI, but her request was not granted.

14. Plaintiff was diagnosed with Multiple Sclerosis in November of 2006.

15. Defendant GODLEWSKI discussed, in front of numerous customers and co-workers, Plaintiff's diagnosis and other medical records, and the Store Manager was aware of such violation of her privacy rights and hostile work environment based on her disability.

16. Defendant GODLEWSKI continuously violated company policy by being in the store alone, drugs came up missing from his shift, and upon information and belief he is currently on probation for Drug Diversion.

17. In or about January, 2007, Plaintiff accepted a job with Defendant WALGREENS, partly to escape the abuse of Defendant GODLEWSKI and she fully disclosed her medical condition and diagnosis when she was hired.

18. Plaintiff fully informed Defendant FREI about her medical condition and diagnosis.

19. Throughout Plaintiff's employment over the next few months, Plaintiff experienced some symptoms of her Multiple Sclerosis, but she was always able to fully perform her job functions while at work.

20. Plaintiff suggested that it might be necessary for her to work fewer hours on a temporary basis only, and immediately following such request, Defendant FREI and other supervisors and coworkers at Defendant WALGREENS began treating Plaintiff differently and adversely, denying her opportunities and benefits of her employment because of her disability.

21. Defendants WALGREENS and FREI denied Plaintiff's reasonable request to work slightly fewer hours for one week.

22. Defendant GODLEWSKI attempted to improperly fill a prescription in Plaintiff's name at the store location of Defendant FAMILYMEDS, and Plaintiff filed a police report about such incident.

23. Defendant GODLEWSKI falsely stated to Defendant WALGREENS that Plaintiff illegally and improperly filled out her prescriptions.

24. On or about March 15, 2007, Defendant WALGREENS terminated Plaintiff's employment by falsely accusing her of altering drug prescriptions.

25. On or about March 19, 2007, Plaintiff filed a complaint with the Equal Employment Opportunity Commission.

26. On or about December 12, 2007, Plaintiff was issued a right-to-sue letter from the Equal Employment Opportunity Commission. (Exhibit A)

27. Due to the stress and emotional trauma of Plaintiff's wrongful termination and discrimination, her Multiple Sclerosis has been greatly exacerbated, causing Plaintiff severe pain, distress, depression, aggravation of her pre-existing condition, total disability and other debilitating emotional and physical effects.

## COUNT I – VIOLATION OF AMERICANS WITH DISABILITIES ACT

28. Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

29. This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act (ADA), 42 USC 12117.

30. Defendants were, at all relevant times, Plaintiff's employers under the ADA, 42 USC 12111(5)(a).

31. Plaintiff was hired by Defendant FAMILYMEDS in or about June, 2006, to work in their pharmacy in the Southern Division of the Eastern District of the State of Michigan.

32. Plaintiff was hired by Defendant WALGREENS in or about January, 2007, to work in their pharmacy and store in the Southern Division of the Eastern District of the State of Michigan.

33. Plaintiff is a qualified individual with a disability, pursuant to 42 USC § 12112(a); Plaintiff was diagnosed with multiple sclerosis (MS), which on occasion, as of the time she worked for Defendants' limited her ability to work longer than eight hours in one day, and required her to get at least eight hours of sleep every night.

34. Plaintiff requested the reasonable accommodation of occasionally working fewer hours for one or two weeks and for a reasonable length of time between shifts to allow her to get the required amount of sleep that she needs because of her disability.

35. Defendants have at all relevant times been aware of Plaintiff's need for reasonable accommodation.

36. Defendants, by and through their agents, officers, managers, and employees, subjected Plaintiff to discrimination based on her disability, in violation of the ADA, by, *inter alia*:

   a. Harassing and mocking Plaintiff and otherwise creating a hostile work environment because of her disability;

   b. Wrongfully terminating Plaintiff's employment due to her disability;

   c. Arbitrarily refusing to accommodate Plaintiff's disability by refusing to schedule her so that she was sometimes able to work fewer hours and have more time in between shifts

   d. Subjecting Plaintiff to retaliatory and pretextual disciplinary actions, because she requested reasonable accommodation and opposed discrimination against her based on her disability, and engaged in other protected activities;

   e. Other discrimination, harassment, retaliation and unfair treatment of Plaintiff, because of her disability.

37. As a direct and a proximate result of Defendants' discrimination and retaliation against Plaintiff, as alleged in this Complaint, Plaintiff suffered injuries and damages, including but not limited to:

   a. Lost earnings and benefits;

   b. Mental and emotional pain, suffering and distress;

   c. Physical pain, suffering and distress;

   d. Severe exacerbation of her medical condition, causing additional pain, suffering, and distress;

   e. Total disability;

   f. Attorney fees and costs of administrative proceedings and litigation; and

   g. Punitive damages.

**WHEREFORE,** Plaintiffs request this Honorable Court enter judgment against Defendants for an amount in excess of Seventy-Five ($75,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiffs may be entitled in law and equity.

## COUNT II – VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (PWDCRA)

38. Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

39. At all relevant times, Plaintiff was an individual with a disability within the meaning of Section 103(d) of the PWDCRA MCL §37.1103(d). Specifically, Plaintiff has a mental or psychological impairment that substantially limits one or more of his major life activities.

40. Defendants are employers within Section 201(b) of the PWDCRA, MCLA §37.1201(b).

41. Defendants discriminated and retaliated against, and harassed Plaintiff because of her disability, as alleged in this Complaint, thus violating Section 202(b) of the PWDCRA, MCLA §37.1202(b).

42. As a direct and a proximate result of Defendants' discrimination and retaliation against Plaintiff, as alleged in this Complaint, Plaintiff suffered injuries and damages, including but not limited to:

    a. Lost earnings and benefits;
    b. Mental and emotional pain, suffering and distress;

    c. Physical pain, suffering and distress;

    d. Severe exacerbation of Plaintiff's medical condition, causing additional pain, suffering, and distress;

    e. Total disability;

    f. Attorney fees and costs of administrative proceedings and litigation; and

    g. Punitive damages.

**WHEREFORE,** Plaintiffs request this Honorable Court enter judgment against Defendants for an amount in excess of Seventy-Five ($75,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiffs may be entitled in law and equity.

## COUNT III -- DEFAMATION

43. Plaintiff incorporates by reference, and re-alleges herein, all allegations made elsewhere in this complaint as if they were restated herein word-for-word.

44. Defendants falsely alleged that Plaintiff was involved in illegally and improperly altering drug prescriptions.

45. The allegations of misconduct by Plaintiff were false, and Defendants knew they were false when they were made and repeated to third parties.

46. The false allegations of misconduct were defamatory *per se*, in that they affected Plaintiff's employment status.

47. The false and defamatory allegations were made with malice.

48. Defendants retaliated against Plaintiff, demoted her, and terminated Plaintiff's employment on the basis of unprivileged, false and defamatory allegations of misconduct.

49. Defendants are subject to liability for punitive and exemplary damages on the basis of their defamation of Plaintiff, in addition to the compensatory damages pled elsewhere in this Complaint.

WHEREFORE, Plaintiff requests judgment against Defendant for all relief authorized by law and in equity, based on the facts and the evidence, including but not limited to:

    a. Attorneys' fees and costs of this action and such other relief as deemed appropriate.

    b. Appropriate Declaratory Relief

    c. Award Plaintiff any and all back pay to which she is entitled.

**WHEREFORE**, Plaintiff AMANDA OVERDORF respectfully requests that this Honorable Court award damages in her favor and against the Defendants in such amount in excess of SEVENTY-FIVE THOUSAND AND 00/100 ($75,000.00) DOLLARS to which she may be found to be entitled, for compensatory and/or exemplary and/or punitive damages, along with costs, interest, and attorney fees so wrongfully incurred in prosecution of this action.

Plaintiff further requests that this Honorable Court grant her such other equitable relief as appears appropriate at the time of final judgment.

                                            Respectfully submitted,
                                            CHRISTOPHER TRAINOR & ASSOCIATES

                                      BY: _/s/ Thomas W. Stephens_____
                                            THOMAS W. STEPHENS (P39503)
                                            CHRISTOPHER J. TRAINOR (P42449)
                                            Attorneys for Plaintiff
                                            9750 Highland Road
                                            White Lake, MI 48386
                                            (248) 886-8650
                                            Thomas.stephens@cjtrainor.com

Dated: February 6, 2008
TWS/mkb

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AMANDA OVERDORF,

    Plaintiff,

v.

FAMILYMEDS INC., WALGREENS, INC.,
HARRY GODLEWSKI, and
ALETHA FREI

    Defendants.

CASE NO.
HON.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
**CHRISTOPHER J. TRAINOR (P42449)**
**THOMAS W. STEPHENS (P39503)**
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

_____/

## DEMAND FOR JURY TRIAL

Plaintiff, AMANDA OVERDORF, by and through her attorneys, Christopher Trainor & Associates, demands a trial by jury on all issues in this case.

        Respectfully submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        BY: _____
        THOMAS W. STEPHENS (P39503)
        CHRISTOPHER J. TRAINOR (P42449)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI 48386
        (248) 886-8650
        Thomas.stephens@cjtrainor.com

Dated: February 6, 2008
TWS/mkb

# EXHIBIT A

EEOC Form 161 (3/98)

# DISMISSAL AND NOTICE OF RIGHTS

To: Amanda Overdorf
38401 North Pointe Parkway
#1101
Harrison Township, MI 48045

From: Detroit Field Office
477 Michigan Avenue
Room 865
Detroit, MI 48226

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2007-01695 | Cynthia A. Baker, Investigator | (313) 226-7809 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

_signature_      12-12-07
Danny G. Harter,    (Date Mailed)
Director

Enclosure(s)

cc:  David E. Metz, Senior Attorney
Employee Relations Department
Walgreen Co.—Corporate Offices
102 Wilmot Road – MS#1259
Deerfield, IL 60015

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

County in which this action arose: Macomb

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
AMANDA OVERDORF

### DEFENDANTS
FAMILYMEDS INC., WALGREENS, INC., HARRY GODLEWSKI, and ALETHA FREI

**(b)** County of Residence of First Listed Plaintiff: Macomb
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Macomb
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386   (248) 886-8650

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | | | |

Case: 2:08-cv-10564
Judge: Tarnow, Arthur J
Referral MJ: Whalen, R. Steven
Filed: 02-07-2008 At 03:11 PM
CMP OVERDORF V FAMILYMEDS INC (RRH)

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | SOCIAL SECURITY | |
|---|---|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 220 Foreclosure | ☑ 442 Employment | **Habeas Corpus:** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| | | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Select One Box Only)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 12117, 47 USC 12111(5)(a), 42 USC § 12112(a)
Brief description of cause:
violations of Americans with Disabilities Act, violation of Michigan Persons with Disabilities Civil Rights Act, Defamation

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: February 7, 2008
SIGNATURE OF ATTORNEY OF RECORD: /s/ Thomas W. Stephens

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?   ☐ Yes  ☑ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes  ☑ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes: _____